**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | |
|---|---|
| DENNIS DONNELLY, on behalf of himself and all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DES MOINES REGISTER AND TRIBUNE CO., INC.; J. ANN SELZER; SELZER & COMPANY; and GANNETT CO., INC.,<br><br>Defendants-Appellees. | Case No. 25-3451<br><br>Southern District of Iowa<br><br>Case No. 4:25-cv-00150-RGE-WPK |

## DESIGNATION AND STATEMENT OF THE ISSUES

1. Did the District Court err in denying the plaintiff's motion to remand under the Class Action Fairness Act (28 U.S.C. § 1332(d))?[1]

   a. Under 28 U.S.C. § 1332(d)(3) & (4)(B), is a defendant a "primary defendant" under the Home-State Exception and Interests-of-Justice Exception where it is present in the case for its role as a parent corporation setting standards and providing supervision but not for the direct action causing the injury?

      1. *Watson v. City of Allen*, 821 F.3d 634 (5th Cir. 2016).

      2. *Passa v. Derderian*, 308 F. Supp. 2d 43 (D.R.I. 2004)

      3. *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364 (E.D.La. 2007).

[1] The plaintiff does not appeal that portion of the District Court's order concerning the Press Defendants' timing of the removal.

b. Under 28 U.S.C. § 1332(d)(4)(A)(i)(III), is the "principal injuries" prong satisfied when the injuries are uniquely related to and concentrated amongst the people and places of the forum state?

4. *Talen Mont. Ret. Plan v. PPL Corp.*, 2019 U.S. Dist. LEXIS 159130 (D. Mont. Sept. 13, 2019).

c. Did the District Court err in denying the plaintiff's request for jurisdictional discovery?

2. Did the District Court err in granting the Defendants' motions to dismiss for failure to state a claim?

a. Did Donnelly plead sufficient allegations to survive the actual malice standard when the First Amendment is asserted as a defense?

b. Did Donnelly plead sufficient allegations to show an intentional false representation (Count 1)?

c. In the alterative, are newspapers (and their contractors) in the business or profession of supplying information to others (Alternative Count 1)?

1. *Sain v. Cedar Rapids Cmty. Sch. Dist.*, 626 N.W.2d 115 (2001).

d. Did Donnelly plead sufficient allegations to show an unfair or deceptive practice under Iowa's consumer fraud law (Iowa Code § 714H.3(1)) (Count 2)?

e. Do newspapers (and their contractors) owe a professional duty of care to their readers (Count 3)?

2. *Birmingham v. Fodor's Travel Pub.*, 73 Haw. 359 (1992).

3. Restatement (Second) of Torts § 580B (1977).

f. Does *Lane v. Mitchell*, 153 Iowa 381 (Iowa 1911), establish a tort of election interference under Iowa law (Count 4)?

4. Restatement (Second) of Torts, Section 865.

g. Because the plaintiff stated at least one predicate count above, may the plaintiff preserve his claim for civil conspiracy (Count 5)?

## CERTIFICATE OF SERVICE

The Designation and Statement of Issues filed today was served simultaneously on all parties via electronic filing—all parties are represented by counsel registered on CM/ECF.

/s/ Daniel R. Suhr
Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614
Email: dsuhr@americanrights.org

December 22, 2025