COLLOTON, Chief Judge.

On August 7, 2026, the clerk's office communicated that No. 25-3451, *Dennis Donnelly v. Des Moines Register & Tribune Co.*, was assigned in the ordinary course to a three-judge panel of which I am a member.

The amended complaint filed in the district court described the lawsuit as a class action and requested that the court certify the following class: "All digital and print subscribers to the Sunday edition of the Des Moines Register as of November 3, 2024." The complaint seeks an award of damages to members of the putative class.

As I was a digital subscriber to the Sunday edition of the *Des Moines Register* as of November 3, 2024, I have considered whether I must disqualify myself in this proceeding. *See* 28 U.S.C. § 455.

The record shows that the district court has not certified a class in this case. The Committee on Codes of Conduct of the Judicial Conference of the United States has opined as follows:

> Where a class has not been certified, the only parties are those named in the complaint or otherwise joined. A judge who is a putative member of an uncertified class, but who does not have a pre-existing asset, property interest, or contractual relationship linked to the proceeding, does not have a financial interest in the subject matter or other interest that could be substantially affected (Canon 3C(1)(c)). However, if the judge's interest is the same as any putative class member, the judge's impartiality may reasonably be questioned under Canon 3C(1), and the judge should either recuse (subject to remittal) or renounce putative class membership and waive any future claim.

*Compendium of Selected Opinions* § 3.1-6[4](a-1). The Committee has further opined that "[a] judge who releases any potential claims and opts out of the class need not recuse from a class action." *Id*. § 3.1-6[4](e).

I hereby renounce putative class membership in this case, opt out of any class in this case, and waive and release any future claims or recovery in this case. Accordingly, I conclude that I am not required to disqualify myself and should not do so. *See In re N.M. Nat. Gas Antitrust Litig.*, 620 F.2d 794, 795-97 (10th Cir. 1980) (holding that recusal was not justified where judge stated that he would opt out as a class member to avoid receipt of any potential refund); *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 907 n.1 (S.D. Ind. 2008) (concluding that judge need not and should not disqualify himself as putative class member where no class had been certified); *Litwin v. Am. Express Co.*, 838 F. Supp. 855, 857 n.1 (S.D.N.Y. 1993) (concluding that disqualification was not warranted where judge filed a statement opting out of putative class and waiving any possible recovery).

The clerk is directed to file this statement on the docket when the oral argument calendar for September 2026 is published.

Dated: August 10, 2026

____________________________