FIRE
Foundation for Individual
Rights and Expression

August 24, 2026

**Via ECF**

Susan E. Bindler, Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO. 63102

**Re: *Donnelly v. Des Moines Register and Tribune Company, Inc.*, No. 25-3451, Supplemental Authority Pursuant to Fed. R. App. P. 28(j).**

Dear Ms. Bindler:

Appellees J. Ann Selzer and Selzer & Company, through counsel, submit this letter pursuant to Fed. R. App. P. 28(j).

In *Minnesota Voters Alliance v. Ellison*, No. 24-3094, ___ F.4th ___, 2026 WL 2443854 (August 20, 2026), a panel of this Court ordered the entry of an injunction on First Amendment grounds barring enforcement of a Minnesota law aimed at preventing the spread of knowingly false election disinformation (Minn. Stat. § 211B.075, subd. 2). This Court applied *United States v. Alvarez*, 567 U.S. 709 (2012) and *281 Care Comm. v. Arneson*, 766 F.3d 774 (8th Cir. 2014) to hold that the unprotected category of fraud could not be expanded to include false speech intended to mislead voters. It explained that such speech lacked the necessary elements of fraud and did not inflict a legally cognizable harm. 2026 WL 2443854 *5. The Court acknowledged that although "[m]isleading voters can inflict serious harm," there is no "'historic and traditional categor[y]' of unprotected speech covering false statements about voting" and no "'long ... tradition of proscription' of false statements connected to voting." *Id.* (citations omitted).

That ruling is directly relevant to issues presented in this case.

700 Pennsylvania Avenue Southeast, Suite 340, Washington, DC 20003
phone: 215-717-3473
fire.org

The reasoning in *Minnesota Voters Alliance* supports Selzer's arguments that the categories of unprotected speech are limited and cannot be expanded (Br. 23–29), that plaintiff cannot stretch the category of fraud without satisfying its necessary elements (Br. 29–32), and speech involving elections and election coverage is at the First Amendment's core. (Br. 34–36).

The ruling undermines Plaintiff's argument that false election coverage can be equated to claims like fraud or defamation (Reply 9–12), and it specifically rejects the proposition that false speech concerning elections is a "legally cognizable claim." (Reply 17–18).

Respectfully Submitted,

*/s/ Robert Corn-Revere*

Robert Corn-Revere
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave. SE, Suite 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@fire.org

*Counsel for Appellees J. Ann Selzer and Selzer & Company*

Cc: All Counsel of Record via ECF