Michael J. Grygiel
*1301 Avenue of the Americas, 25th Floor*
*New York, New York 10019*

*(212) 812-0426 direct*
*(212) 812.0400 main*
*(212) 812.0399 fax*

August 31, 2026

***VIA ECF***

Susan E. Bindler, Clerk of Court
United States Court of Appeals
for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, Missouri 63102

Re: *Donnelly v. De Moines Register and Tribune Company, Inc., et al.*
Case No. 25-3451
Supplement Authority Pursuant to Fed. R. App. P. 28(j)

Dear Ms. Bindler:

Appellees Des Moines Register and Tribune Company, Inc. and Gannett Co., Inc. (collectively, "*The Register*"), submit this letter pursuant to Fed. R. App. P. 28(j), and further join the August 24, 2026 submission under that same rule by Appellees J. Ann Selzer and Selzer & Company.

In *Minnesota Voters Alliance v. Ellison*, No. 24-3094, ___ F.4th ___, 2026 WL 2443854 (Aug. 20, 2026), a panel of this Court reversed the district court and enjoined the application of a Minnesota statute targeting false election information—notwithstanding that the law was limited to information "know[n] to be materially false." Minn. Stat. § 211B.075(2)(a)(2). The decision directly addresses issues at the heart of this appeal, and it supports *The Register*'s arguments in several key respects.

First, *Minnesota Voters Alliance* emphasized that political speech, like *The Register*'s 2024 reporting on the Iowa Poll at issue in this case, is protected "at the 'core of the First Amendment.'" 2026 WL 2443854, at *4 (quoting *Repub. Party of Minn v. White*, 416 F.3d 738, 749 (8th Cir. 2005) (*en banc*)).

Second, *Minnesota Voters Alliance* reaffirmed the U.S. Supreme Court's decision in *United States v. Alvarez*, 569 U.S. 709 (2012) and this Court's decision in *281 CARE Committee v. Arneson*, 766 F.3d 774 (8th Cir. 2014) in holding that the historically unprotected category of fraud cannot be elasticized to encompass false political speech. 2026 WL 2443854, at *5 ("But unlike fraud, defamation, and trespass, there is no 'historic and traditional categor[y]' of unprotected speech covering false statements about voting.") (quoting *Free Speech Coal., Inc. v. Paxton*, 606 U.S. 461, 471 (2025)).

Third, *Minnesota Voters Alliance* recognized that speech that purportedly misleads voters, as Appellant alleges here, does not amount to the "legally cognizable harm" required to bring a statutory or common law speech-based tort claim within the fraud exception. 2026 WL 2443854, at *5 (rejecting government's claim that "speech is unprotected because it leads to the 'legally cognizable harm' of preventing voters from casting their ballots" (quoting *Alvarez*, 567 U.S. at 719)).

Appellant mischaracterizes protected political speech as "fraudulent" merely by claiming it was false. This Court soundly rejected that refrain a decade ago in *281 CARE Committee*, and it did so again eleven days ago in *Minnesota Voters Alliance*. As this Court has now held, while Appellant contends that *The Register*'s reporting of the Iowa Poll results is actionable as a species of consumer fraud simply because it did not correctly reflect the presidential election outcome in the state of Iowa, "the First Amendment disagrees." 2026 WL 2443854, at *5.

Respectfully submitted,

By: */s Michael J. Grygiel*

Michael J. Grygiel
FOLEY HOAG, LLP
1031 Avenue of the Americas
25th Floor
New York, New York 10019
Tel.: (212) 812-0400
mgrygiel@foleyhoag.com

MJG/mtj

cc: All Counsel of Record via ECF