September 8, 2026

Susan E. Bindler, Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, Missouri 63102

Re: *Donnelly v. Des Moines Register and Tribune Company, Inc.*, et al.
Case No. 25-3451
Response to F.R.A.P. 28(j) letters

Dear Ms. Bindler:

Actually reading *Minnesota Voters Alliance v.* v. *Ellison*, No. 24-3094, 2026 WL 2443854 (Aug. 20, 2026), especially at pages 10-11, explains precisely why it does *not* govern Plaintiff's claims.

First, Plaintiff has never contested that speech about elections or by journalists is protected by the First Amendment. Gannett Ltr. 1. *See* Selzer Ltr. 2. That is not a complete defense to private claims, including claims for speech about elections or against journalists. *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 271 (1971) (*New York Times v. Sullivan* standard applies to press speech about candidates).

The plaintiffs in *Animal Legal Defense Fund v. Reynolds*, 8 F.4th 781 (8th Cir. 2021), could be seen as doing "investigative journalism" exposing an important public policy issue, namely alleged agricultural abuses.[1] But neither their role as independent journalists nor the public importance of the topic exempted them from liability to a private party for tortious behavior.

Second, Plaintiff is not suing the Defendants for "false political speech." Register Ltr. 1. *See* Selzer Ltr. 2. He is suing the Defendants for statutory and common-law fraud and professional malpractice torts for failing to provide the "accurate" and "trustworthy" polling product they promised subscribers. Opening Brief 5.

Third, Plaintiff's main claims are not based on "misleading voters," Register Ltr. 2, but misleading *consumers*. As *Minnesota Voters Alliance* explains, the First Amendment does not preempt a claim when "someone listening acts upon [the false speech] to their detriment." Slip Op. 10. *Voters Alliance* emphasizes that "legally cognizable harm" "may be proscribed without violating the First Amendment." Slip Op. 10 (quoting *Animal Legal Def. Fund*, 8 F.4th at 786). Harm to consumers who

[1] *Id*. at 788 (Stras, J., concurring).



Appellate Case: 25-3451 Page: 1 Date Filed: 09/08/2026 Entry ID: 5680890

hear and rely on promises made to them by a product provider is legally cognizable harm. *Contra* Selzer Ltr. 2.

Plaintiff must still prove his claims. And the First Amendment still applies: it requires him to plead and then prove intentional or reckless misbehavior. But the First Amendment is not a complete and automatic shield to his claims.

Respectfully submitted,

*s/ Daniel R. Suhr*

Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614
dsuhr@americanrights.org
*Counsel for the Plaintiff*

Word count: 337 words. *See* F.R.A.P. 28(j)