FIRE
Foundation for Individual
Rights and Expression

September 24, 2026

**Sent *via* ECF**
Susan E. Bindler, Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, Missouri 63102

***Re:*** ***Donnelly v. Des Moines Register & Tribune Co., Inc.*, No. 25-3451, Supplemental Authority Pursuant to Fed. R. App. P. 28(j)**

Dear Ms. Bindler:

Appellees J. Ann Selzer and Selzer & Company submit this letter under Fed. R. App. P. 28(j).

On September 23, 2026, the Iowa District Court for Polk County issued a memorandum opinion dismissing with prejudice *Trump v. Selzer*, No. CVCV069420 (Iowa Dist. Ct. Polk Cnty. Sept. 23, 2026) ("Op."). That action, brought by President Donald J. Trump in his personal capacity, arises from the same facts and nearly identical legal theories as this action (*see* Appellant Br. at 8). A copy of the Iowa court's opinion is attached.

Accepting the plaintiffs' allegations as true, the state court held that even Iowa's deferential notice pleading standard "does not create a duty where one would otherwise not exist, and it does not supply a private remedy the legislature has not provided." Op. at 7, 26.

The court first held that the First Amendment bars these claims and that the fraud exception is not met, in part because the poll is not provably false. Op. at 11–25. This was so despite Trump alleging the poll was intentionally false. Op. at 6.

Independent of its First Amendment analysis, the court held each claim significantly deficient under Iowa law. The state court rejected the Iowa Consumer Fraud Act theory as to the Selzer Defendants as they offered "no

consumer merchandise to the public at all." Op. at 30. And it rejected the ICFA theory as to all the defendants because there was no "link" between the "alleged deception" and a "sale"—that is, no plaintiff "bought the newspaper *because* of the poll." Op. at 31–32.

The court also dismissed the fraudulent misrepresentation claim as to the Selzer Defendants because there was "no relationship" between Selzer and any plaintiff. Op. at 41. And it similarly rejected the negligent misrepresentation claim, finding the defendants owed no duty of care under Iowa law, noting particularly that a publisher does not owe its audience a duty of care. Op. at 49–50, 54–56.

Appellees urge this Court to affirm the district court's order dismissing Donnelly's claims with prejudice.

Respectfully submitted,

/s/ Robert Corn-Revere

Robert Corn-Revere
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave. SE, Suite 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@fire.org

*Counsel for Appellees J. Ann Selzer and Selzer & Company*

cc: All Counsel of Record *via* ECF

Encl.